```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :    INFORMATION
                                    :
     v.                             :
                                    :    08 Cr. ____ (RMB)
SEKOU CAMARA,                       :
                                    :
          Defendant.                :
                                    :
------------------------------------x
```

08 CRIM 658

COUNT ONE

(Bank Fraud)

The Grand Jury charges:

Background

1.   At all times relevant to this Indictment, SEKOU CAMARA, the defendant, was employed in a sorting room at a Citibank, N.A. ("Citibank") check processing facility in Englewood Cliffs, New Jersey.

The Scheme

2.   From at least in or about March 2008, up to and including on or about April 14, 2008, SEKOU CAMARA, the defendant, engaged in a scheme to steal corporate checks from Citibank. After stealing the checks, CAMARA brought some of the checks to New York, where he sold either the originals or copies of the stolen checks to others, including to a confidential informant ("CI") in the Bronx, New York.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Statutory Allegations

3.   From on or about March 18, 2008, up to and including on or about April 14, 2008, in the Southern District of New York and elsewhere, SEKOU CAMARA, the defendant, unlawfully, willfully, and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, CAMARA stole approximately nine checks drawn on accounts held at Citibank, and sold those checks to a confidential informant located in the Bronx, New York.

(Title 18, United States Code, Sections 1344 & 2.)

COUNT TWO

(Interstate Transportation of Stolen Property)

The Grand Jury further charges:

4.   The allegations in paragraphs 1-2 are repeated, re-alleged and reincorporated as if set forth fully herein.

5.   From on or about March 18, 2008, up to and including on or about April 14, 2008, in the Southern District of New York and elsewhere, SEKOU CAMARA, the defendant, unlawfully, knowingly, and willfully did transport, transmit, and transfer in

interstate and foreign commerce goods, wares, merchandise, securities and money, of the value of $5,000 and more, knowing the same to have been stolen, converted, and taken by fraud, to wit, CAMARA, stole approximately nine checks from Citibank in New Jersey, and transported those checks to the Bronx, New York, where he sold them to a confidential informant.

(Title 18, United States Code, Sections 2314 & 2.)

### COUNT THREE

(Interstate Sale of Stolen Property)

The Grand Jury further charges:

6.  The allegations in paragraphs 1-2 are repeated, re-alleged and reincorporated as if set forth fully herein.

7.  From on or about March 18, 2008, up to and including on or about April 14, 2008, in the Southern District of New York and elsewhere, SEKOU CAMARA, the defendant, unlawfully, knowingly, and willfully did receive, possess, conceal, store, barter, sell and dispose of goods, wares, and merchandise, securities, and money of the value of $5,000 and more, which have crossed a State and United States boundary after being stolen, unlawfully converted, and taken, knowing the same to have been stolen, unlawfully converted, and taken, to wit, CAMARA transported approximately nine stolen checks from Citibank in New

Jersey, to the Bronx, New York, where he sold them to a confidential informant.

(Title 18, United States Code, Sections 2315 & 2.)

## FIRST FORFEITURE ALLEGATION

8. As the result of committing the bank fraud offense alleged in Count One of this Indictment, SEKOU CAMARA, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense.

## SECOND FORFEITURE ALLEGATION

9. As the result of committing the interstate transportation and sale of stolen goods offenses, alleged in Counts Two and Three of this Indictment, SEKOU CAMARA, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses.

### Substitute Asset Provision

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, SEKOU CAMARA:

   (a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982, Title 28, United States Code, Section 2461, and Title 18, United States Code, Sections 1344, 2314, and 2315).

_____        _Michael J. Garcia_____
FOREPERSON                              MICHAEL J. GARCIA
                                        United States Attorney

5

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

SEKOU CAMARA,

Defendant.

INFORMATION

08 Cr. _____ (RMB)

(Title 18, United States Code,
Sections 1344, 2314, 2315)

MICHAEL J.GARCIA
United States Attorney.